<hr />

## EYRE v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court of Appeals, Third Circuit. June 3, 1926.)

No. 3426.

Indemnity ⚌12—Moneys advanced to contractor by surety on counter indemnity bond to surety company on its executing bond for performance of contract did not affect liability on bond, unless surety company agreed that payments should be in relief of indemnity obligation.

Where counter indemnity bond was executed to surety company to protect it on bond given for performance of contract by contractor, moneys advanced to contractor by surety on such counter indemnity bond did not release him from liability, unless payment was made with agreement of surety company that moneys paid should be in relief of his indemnity obligation.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit by the Fidelity & Deposit Company of Maryland against T. L. Eyre. Judgment for plaintiff, and defendant brings error. Affirmed.

David J. Smyth, of Philadelphia, Pa., for plaintiff in error.

Francis B. Bracken, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMSON, District Judge.

BUFFINGTON, Circuit Judge. This case involves the construction and legal effect of a bond of indemnity. Briefly stated, the facts are: Carl R. Camp contracted with the county of Cape May, New Jersey, to build a bridge, and, at the same time, he, as principal, and the Fidelity & Deposit Company of Maryland, as surety, on December 21, 1922, executed and delivered a bond to the county in the sum of $167,260, conditioned for the performance by Camp of his contract and the payment by him of the claims of material and labor men. This bond was executed by the Fidelity Company in part on the faith of a counter indemnity bond executed the same day by T. L. Eyre to the Fidelity & Deposit Company of Maryland, in the sum of $20,000, conditioned, among other things, that Eyre "shall hold and keep harmless the said company from and against any and all loss, liability, damages, costs, counsel fees, charges, and expenses of whatever nature or kind which the company shall, or may at any time, incur, sustain, or be put to, for or by reason or in consequence of the company having given and executed the said bond." The contractor defaulted, and the Fidelity Company completed his contract at an expense to it of $53,472.46.

To the present suit brought by the Fidelity Company to collect from Eyre the penal sum of his $20,000 bond, he defended on the ground that he, "realizing his obligation to the extent of $20,000 on the contract, as set forth, and acknowledging his obligation to the extent of $20,000, did, with the knowledge and approval of plaintiff, make advances and

13 F.(2d)—30

loans to said contractor for and on behalf of plaintiff under and in accordance with the provisions of defendant's contract with the plaintiff, said advances and loans being as follows: February 10, 1923, $5,000; May 10, 1923, $5,000; September 20, 1923, $2,500; January 11, 1924, $500; January 14, 1924, $5,000; May 19, 1924, $2,000. All of the said advances and loans were made for the purpose of endeavoring to carry through the contract, to save the plaintiff harmless, at least to the extent of the payment of said $20,000."

We assume that, when the opportunity was given the defendant of stating his defense, he availed himself of that privilege, and definitely stated all he could prove on the trial of the cause, and in that connection it will be noted that the pleadings—by plaintiff's averment and defendant's admission—fix May 2, 1924, as the date of the contractor's default, and that there is an entire absence in the affidavit of defense of explanation or averment as to how or why the payments made by the defendant to the contractor, which began within four weeks after the bond in suit was given, and continued, with one exception, to be made before such default date, could have been made as anticipatory advances on account of an anticipatory default of the defendant's bond. The court below held that his affidavit of defense did not show a defense to his bond. It conceded the Fidelity Company had been forced to pay in excess of the $20,000 of Eyre's indemnity bond. Therefore the condition of the bond was broken, unless he showed some release by the Fidelity Company, or some facts which operated as a release. This the court below held he did not do, saying: "We hold that the moneys thus advanced might have been advanced by the defendant with the knowledge and consent of the plaintiff, without affecting the liability of the defendant on his bond of indemnity, unless the payment was made with plaintiff's agreement, express or implied, that the moneys paid should be in relief of the indemnity obligation. The affidavit of defense is lacking in this essential fact averment."

In so holding, the court below, in our judgment, committed no error; accordingly the judgment is affirmed.